# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:02CR10097 |
| v. | OPINION AND ORDER |
| DONALD RAY CLARK, | By: James P. Jones |
| Defendant. | United States District Judge |

*Donald Ray Clark, Pro Se.*

Donald Ray Clark, a federal inmate sentenced by this court in 2003, has filed a pro se pleading entitled "Motion for Sentence Modification." For the reasons that follow, the motion will be denied.

Clark was convicted by a jury of firearms offenses and sentenced to a total of 260 months incarceration. His direct appeal was unsuccessful. *United States v. Clark*, 93 F. App'x 529 (4th Cir.) (unpublished), *cert. denied*, 543 U.S. 880 (2004). Post-conviction relief under 28 U.S.C. § 2255 was later denied. *Clark v. United States*, No. 7:05CV00595, 2005 WL 2660422 (W.D. Va. Oct. 19, 2005), *appeal dismissed,* 180 F. App'x 467 (4th Cir. 2006) (unpublished).

Clark bases his current motion on 18 U.S.C. § 3582(c)(2), but that statute permits modification of a sentence only when the applicable guideline sentencing range is later lowered by the Sentencing Commission. That is not Clark's claim.

Instead, he contends that later decisions of the Supreme Court have cast doubt on the determination at his sentencing that he was an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). In particular, he argues that his 1982 state conviction for statutory burglary of an unoccupied business[1] can no longer be considered a predicate conviction under the ACCA because (1) it was not a violent felony and (2) his status as an armed career criminal was not determined by a jury.

Even if the court had the power to now modify Clark's sentence, which it does not,[2] his contentions on their merits are incorrect. Burglary is expressly named by the statute as a predicate offense under the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), and is defined generically as "'an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime.'" *James v. United States*, 550 U.S. 192, 197 (2007) (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)). There was thus no need for the court to consider whether the crime involved actual violence.[3]

---

[1] Clark was convicted of breaking into Rodger's Auto Service in Wise, Virginia, during the nighttime, and stealing property valued in excess of $200. 2005 WL 2660422, at *1 n.3.

[2] Except in strictly defined circumstances, a district court cannot modify a sentence once imposed. None of those circumstances apply in this case. For example, Clark's pleading cannot be considered as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 because second or successive § 2255 motions require prior certification by the appropriate court of appeals. 28 U.S.C. § 2255(h).

[3] At the time of Clark's statutory burglary conviction, Va. Code Ann. § 18.2-90, a pertinent criminal statute, provided in part as follows:

In addition, it is not required that a jury determine whether a defendant has a predicate conviction under the ACCA, since the fact of a prior conviction is an exception to the holding of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See Alleyne v. United States*, 133 S. Ct. 2151, 2160 n.1 (2013) (citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)).

For these reasons, it is **ORDERED** that the defendant's motion (ECF No. 28) is DENIED.

ENTER: June 6, 2014

/s/ James P. Jones
United States District Judge

---

> If any person . . . in the nighttime enter without breaking or break and enter either in the daytime or nighttime any office, shop, storehouse, warehouse, banking house, or other house, or any ship, vessel or river craft or any railroad car, or any automobile, truck or trailer, if such automobile, truck or trailer is used as a dwelling or place of human habitation . . . .

*Graybeal v. Commonwealth*, 324 S.E.2d 698, 699 (Va. 1985) (quoting statute). The statute was thus divisible, and this court was permitted to utilize the "modified categorical approach" to determine whether Clark had been convicted of a generic burglary. *See Descamps v. United States*, 133 S. Ct. 2276, 2281-82 (2013). Rodger's Auto Service was clearly a building or structure meeting the definition of a generic burglary. *See United States v. Foster*, 662 F.3d 291, 295-96 (4th Cir. 2011), *reh'g en banc denied*, 674 F.3d 391 (4th Cir.), *cert. denied*, 133 S. Ct. 207 (2012); *United States v. Gambill*, No. 12-4969, 2014 WL 487087, at *1 (4th Cir. Feb. 7, 2014) (unpublished).